JUSTIN KIRK TABAYOYON, S.B.N. 288957
**LAW OFFICES OF JUSTIN KIRK TABAYOYON**
1000 North Texas Street, Suite A
Fairfield, CA 94533-5661
Telephone: 707.726.6009
Facsimile: 925.826.3504
justin@tabayoyonlaw.com

**Attorney for Plaintiff, EDDIE C. WATTS II**

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **EDDIE C. WATTS II,**<br><br>Plaintiff,<br><br>v.<br><br>**CITY OF SAN PABLO and DOES 1-100, Inclusive,**<br><br>Defendants. | Case No.:<br><br>**COMPLAINT FOR DAMAGES FOR VIOLATIONS OF CIVIL RIGHTS (42 U.S.C. § 1983; and Supplemental Claims)**<br><br>**DEMAND FOR JURY TRIAL** |

## JURISDICTION

1. This action is brought pursuant to Title 42 U.S.C. §§ 1983 and 1988; the Fourth and Fourteenth Amendments to the United States Constitution. Jurisdiction is conferred upon this Court by Title 28 U.S.C. §§ 1331 and 1343. Venue lies in this Court pursuant to 28 U.S.C. § 1391.

## INTRADISTRICT ASSIGNMENT

2. The unlawful acts and practices alleged herein occurred in the City of San Pablo, County of Contra Costa, California, and this action is properly assigned to the United States District Court for the Northern District of California, San Francisco or Oakland Division.

## PARTIES

3. Plaintiff EDDIE C. WATTS II ("WATTS") is, and was at all relevant times herein mentioned, an adult resident of the City of San Pablo, County of Contra Costa, California.

4. Defendant CITY OF SAN PABLO ("CITY") is a public entity established by the law and Constitution of the State of California, and owns, operates, manages, directs, and controls the San Pablo Police Department ("SPPD"), which employs other defendants in this action.

5. At all relevant times, Defendant DOES 1-100 ("DOES") were members of the SPPD and were duly authorized CITY employees and agents, acting under color of law within the course and scope of their respective duties as employees or officers of the SPPD and with complete authority of Defendant CITY. The true names of Defendant DOES are unknown to Plaintiff. Plaintiff will seek leave to amend this complaint to show the true names and capacities of these Defendants when they have been ascertained. Each of the fictitious named Defendants is responsible for some part of the conduct or liabilities alleged herein and is being sued in his or her official and individual capacities.

## CALIFORNIA GOVERNMENT CLAIM PREREQUISITE

6. WATTS has fully complied with California Government Code § 910 et seq. by timely filing a government claim to CITY and timely filing this lawsuit within the statutory prescribed period of time under the California Government Claims Act.

## GENERAL FACTUAL ALLEGATIONS

7. On or about October 5, 2017, Defendant DOES, whose identities are not known at this time, responded to a vehicle driven by WATTS parked into the curb at or around 2600 Del Camino Drive in the City of San Pablo, County of Contra Costa, California.

8. WATTS experienced a hypoglycemic episode while in his vehicle. Although conscious, WATTS was unresponsive to his surroundings. Unable to respond to or follow DOES' commands, WATTS was forcefully removed from his vehicle and violently restrained.

9. Shirley Cooper ("COOPER"), WATTS' neighbor and friend, witnessed the violent acts by DOES. DOE 1 used excessive force to restrain WATTS by using his hand to smash WATTS' face into the ground while pressing one knee into WATTS' back and pressing the other knee

on WATTS' leg. COOPER informed DOES that WATTS is diabetic and insulin-dependent, and has an injured leg. However, DOES blatantly, willfully, wantonly, and with clear and obvious conscious disregard for the safety and constitutional rights of WATTS, ignored the information from COOPER and continued to use excessive force to restrain WATTS.

10. The amount of force used was completely unnecessary and clearly unreasonable under the circumstances. The use of extreme force was so excessive that it was clearly unlawful and blatantly obvious. Any reasonable law enforcement officer would have known that the amount of force used was unreasonable and excessive.

11. DOES intentionally and immediately used unreasonable and excessive force to remove and restrain WATTS. Prior to DOES' use of physical force on WATTS, WATTS did not show signs of resistance. WATTS was conscious but unresponsive to his surroundings due to a medical condition that rendered him unable to respond to or comply with DOES' commands. WATTS was confused and became combative, both signs and symptoms of hypoglycemia, only *after* DOES forcefully removed him from his vehicle. DOES were not aware of any objective facts that should have caused them to immediately resort to physical force to remove and restrain WATTS.

12. On information and belief, DOES' immediate resort to excessive force to remove and restrain WATTS was a proximate result of SPPD's failure to properly and adequately train, investigate, supervise, monitor, evaluate and discipline DOES and other officers.

13. When Paramedics arrived, WATTS' blood sugar level was found to be dangerously low. WATTS was transported to the Contra Costa Regional Medical Center ("CCRMC") to be evaluated. The Psychiatric Emergency Services (PES) provider concluded that WATTS' combative behavior was due to sequelae of hypoglycemia, and WATTS was discharged shortly.

14. The next day, on October 6, 2017, WATTS sought medical treatment at Kaiser Permanente Medical Center in Richmond, California. DOES' use of excessive force caused injuries to WATTS, including, but not limited to scalp abrasions, scalp contusion, left shoulder abrasion, right shoulder abrasion, left knee abrasion, left shoulder contusion, right shoulder

contusion, left wrist abrasion, right wrist abrasion, right wrist contusion, as a result of this incident.

15. DOES' excessive use of force caused and causes WATTS emotional distress.

## FIRST CAUSE OF ACTION

### 42 U.S.C. § 1983 -- Liability for Excessive Force

### (Against DOES 1-100)

16. Plaintiff restates and incorporates the preceding and subsequent paragraphs as if set forth herein full.

17. In doing the acts and omissions complained of herein, DOES acted under color of state law to deprive WATTS of the clearly established constitutionally protected right to be free from the use of excessive and unreasonable force by police officers. This right is a substantive guarantee under the Fourth Amendment to the United States Constitution, which has been incorporated and applies to the states through the Fourteenth Amendment.

18. DOES used force in removing and restraining WATTS.

19. DOES' use of force was excessive and unreasonable.

20. WATTS was harmed.

21. DOES' use of excessive force was a substantial factor in causing WATTS' harm as alleged in this Complaint.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

## SECOND CAUSE OF ACTION

### Battery by Peace Officer

### (Against DOES 1-100)

22. Plaintiff restates and incorporates the preceding and subsequent paragraphs as if set forth herein full.

23. DOES intentionally touched WATTS with the intent to cause harm or offend him.

24. DOES used unreasonable force to remove and restrain WATTS.

25. Without resisting, WATTS did not consent to the touching or use of unreasonable force.

26. WATTS was harmed by DOES' conduct.

27. DOES' conduct was a substantial factor in causing WATTS' harm.

28. WATTS is informed and believes and thereon alleges that said acts were intentional, willful, malicious, oppressive, and/or done with a conscious disregard and/or reckless disregard for his rights. Therefore, WATTS prays for an award of punitive damages against DOES.

29. DOES' acts and/or omissions were done within the course and scope of their employment with SPPD. Therefore, CITY is liable under the doctrine of *respondeat superior*.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

## THIRD CAUSE OF ACTION

### Intentional Infliction of Emotional Distress

### (Against Defendant DOES 1-100)

30. Plaintiff restates and incorporates the preceding and subsequent paragraphs as if set forth herein full.

31. DOES' conduct as described herein was outrageous because there was no reason to use excessive force to remove and restrain WATTS who was not resisting and suffering from a medical emergency.

32. In engaging in the conduct as described herein DOES intended to cause or recklessly disregarded the foreseeable risk that WATTS would suffer extreme emotional distress because of their conduct.

33. Because of DOES' intentional acts and/or omissions, WATTS suffered emotional distress and will continue to do so. Because of the incident WATTS experiences severe anxiety while in public and fears that he will again be brutalized by police if he experiences a sudden onset of hypoglycemia in public.

34. DOES' actions were a substantial factor in causing WATTS severe emotional distress.

35. WATTS is informed and believes and thereon alleges that said acts were intentional, willful, malicious, oppressive, and/or done with a conscious disregard and/or reckless disregard for his rights. Therefore, WATTS prays for an award of punitive damages against DOES.

36. DOES' acts and/or omissions were done within the course and scope of their employment with SPPD. Therefore, CITY is liable under the doctrine of *respondeat superior*.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

## FOURTH CAUSE OF ACTION

### Negligence

### (Against all Defendants)

37. Plaintiff restates and incorporates the preceding and subsequent paragraphs as if set forth herein full.

38. This action is brought pursuant to sections 820 and 815.2 of the California Government Code.

39. Pursuant to section 820 of the California Government Code, as public employees, DOES are liable for injuries caused by their acts or omission to the same extent as a private persons.

40. CITY is liable for injuries proximately caused by acts or omissions of its employees within the scope of their employment pursuant to California Government Code section 815.2, subdivision (a).

41. At all times mentioned herein, DOES 1-100 were acting within the course and scope of their employment with SPPD. As such, CITY is liable in *respondeat superior* for the injuries cause by them.

42. At the time of the subject incident DOES 1-100 owed WATTS a duty to act with due care in the execution and enforcement of any right, law or legal obligation.

43. At all times defendants owed WATTS the duty to act with reasonable care. The general duty of reasonable care owed to WATTS by DOES 1-100, and/or each of them, include but are not limited to refraining from using excessive and/or unreasonable force against WATTS. Additionally, these general duties of reasonable care and due care owed to WATTS by Defendant CITY includes, but is not limited to, properly and adequately hire, investigate, train, supervise, monitor, evaluate, and discipline their employees, agents, and/or law enforcement officers to ensure that those employees/agents/officers always act in the public interest and in

1  conformance with law.
2     44. Defendants, and/or each of them, in doing the acts and/or omissions as alleged in the
3  preceding and subsequent paragraphs, negligently breached each one of the duties owed to
4  WATTS.
5     45. The negligent acts and/or omissions of defendants, and/or each of them, caused and/or
6  will continue to cause WATTS to suffer severe emotional distress.
7     46. Because of the negligence of defendants, and/or each of them, WATTS incurred
8  damages, and will continue to incur emotional distress.
9     47. The actions of defendants, and/or each of them, were a substantial factor in causing
10 WATTS severe emotional distress.
11    48. As a direct and proximate result of the negligence of defendants, and/or each of them,
12 WATTS sustained injuries and damages, and against each defendant are entitled to relief,
13 including punitive damages against DOES.
14      WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests the following relief against each Defendant herein, jointly and severally:

a. special and general damages in an amount to be determined according to proof and which is fair, just, and reasonable;
b. for punitive damages, as permitted by law and according to proof, as to defendant DOES 1-100;
c. all other damages, penalties, costs, interest, and attorneys' fees as allowed by 42 USC §§1983, 1988, and as otherwise may be allowed by federal law; and
d. such other relief as this Court deems appropriate.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury as to all issues and claims for relief.

Dated: 4/14/2019

**LAW OFFICES OF JUSTIN KIRK TABAYOYON**

By: /S/ Justin Kirk Tabayoyon
JUSTIN KIRK TABAYOYON
Attorney for Plaintiff