DALE L. ALLEN, JR., State Bar No. 145279
dallen@aghwlaw.com
PHILIP J. DOWNS, JR., State Bar No. 302939
pdowns@aghwlaw.com
ALLEN, GLAESSNER, HAZELWOOD & WERTH, LLP
180 Montgomery Street, Suite 1200
San Francisco, CA 94104
Telephone: (415) 697-2000
Facsimile: (415) 813-2045

Attorneys for Defendant
CITY OF SAN PABLO

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| EDDIE C. WATTS II,<br><br>Plaintiff,<br><br>v.<br><br>CITY OF SAN PABLO and DOES 1-100,<br><br>Defendants. | Case No. 4:19-cv-01997-TSH<br><br>**DEFENDANT CITY OF SAN PABLO'S ANSWER TO COMPLAINT**<br><br>Hon. Thomas S. Hixson<br><br>Date: n/a<br>Time: n/a<br>Ctrm: n/a<br><br>Trial: None |

In answer to the *Complaint* by Plaintiff EDDIE C. WATTS, II, the Defendant CITY OF SAN PABLO ("Defendant") files its answer:

JURISDICTION

1. Jurisdiction with this Court is proper.

INTRA DISTRICT ASSIGNMENT

2. Assignment of this case is proper.

PARTIES

3. At this time, Defendant lacks sufficient knowledge to admit or deny the allegations in this paragraph; therefore, Defendant denies the allegations.

4. Admit.

5. At this time, Defendant lacks sufficient knowledge to admit or deny the allegations in this paragraph; therefore, Defendant denies the allegations.

## CALIFORNIA GOVERNMENT CLAIM PREREQUISITE

6. Without waiver of any affirmative defense(s), including immunity from suit, as provided by law, Defendant admits that on November 6, 2017 it received a copy of Plaintiff's claim application related to the incident at issue.

## GENERAL FACTUAL ALLEGATIONS

7. At this time, Defendant lacks sufficient knowledge to admit or deny the allegations in this paragraph; therefore, Defendant denies the allegations.

8. At this time, Defendant lacks sufficient knowledge to admit or deny the allegations in this paragraph; therefore, Defendant denies the allegations.

9. At this time, Defendant lacks sufficient knowledge to admit or deny the allegations in this paragraph; therefore, Defendant denies the allegations.

10. At this time, Defendant lacks sufficient knowledge to admit or deny the allegations in this paragraph; therefore, Defendant denies the allegations.

11. At this time, Defendant lacks sufficient knowledge to admit or deny the allegations in this paragraph; therefore, Defendant denies the allegations.

12. At this time, Defendant lacks sufficient knowledge to admit or deny the allegations in this paragraph; therefore, Defendant denies the allegations.

13. At this time, Defendant lacks sufficient knowledge to admit or deny the allegations in this paragraph; therefore, Defendant denies the allegations.

14. At this time, Defendant lacks sufficient knowledge to admit or deny the allegations in this paragraph; therefore, Defendant denies the allegations.

15. At this time, Defendant lacks sufficient knowledge to admit or deny the allegations in this paragraph; therefore, Defendant denies the allegations.

///

///

///

ALLEN, GLAESSNER, HAZELWOOD & WERTH, LLP
180 Montgomery Street, Suite 1200
San Francisco, California 94104

307467.1

ALLEN, GLAESSNER, HAZELWOOD & WERTH, LLP
180 Montgomery Street, Suite 1200
San Francisco, California 94104

# FIRST CAUSE OF ACTION

## 42 U.S.C. §1983 – EXCESSIVE FORCE

(Against DOES 1-100)

16. At this time, Defendant lacks sufficient knowledge to admit or deny the allegations in this paragraph; therefore, Defendant denies the allegations.

17. At this time, Defendant lacks sufficient knowledge to admit or deny the allegations in this paragraph; therefore, Defendant denies the allegations.

18. At this time, Defendant lacks sufficient knowledge to admit or deny the allegations in this paragraph; therefore, Defendant denies the allegations.

19. At this time, Defendant lacks sufficient knowledge to admit or deny the allegations in this paragraph; therefore, Defendant denies the allegations.

20. At this time, Defendant lacks sufficient knowledge to admit or deny the allegations in this paragraph; therefore, Defendant denies the allegations.

21. At this time, Defendant lacks sufficient knowledge to admit or deny the allegations in this paragraph; therefore, Defendant denies the allegations.

# SECOND CAUSE OF ACTION

## BATTERY BY A PEACE OFFICER

(Against DOES 1-100)

22. At this time, Defendant lacks sufficient knowledge to admit or deny the allegations in this paragraph; therefore, Defendant denies the allegations.

23. At this time, Defendant lacks sufficient knowledge to admit or deny the allegations in this paragraph; therefore, Defendant denies the allegations.

24. At this time, Defendant lacks sufficient knowledge to admit or deny the allegations in this paragraph; therefore, Defendant denies the allegations.

25. At this time, Defendant lacks sufficient knowledge to admit or deny the allegations in this paragraph; therefore, Defendant denies the allegations.

26. At this time, Defendant lacks sufficient knowledge to admit or deny the allegations in this paragraph; therefore, Defendant denies the allegations.

307467.1

ALLEN, GLAESSNER, HAZELWOOD & WERTH, LLP
180 Montgomery Street, Suite 1200
San Francisco, California 94104

27. At this time, Defendant lacks sufficient knowledge to admit or deny the allegations in this paragraph; therefore, Defendant denies the allegations.

28. At this time, Defendant lacks sufficient knowledge to admit or deny the allegations in this paragraph; therefore, Defendant denies the allegations.

29. At this time, Defendant lacks sufficient knowledge to admit or deny the allegations in this paragraph; therefore, Defendant denies the allegations.

## THIRD CAUSE OF ACTION

## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

(Against DOES 1-100)

30. At this time, Defendant lacks sufficient knowledge to admit or deny the allegations in this paragraph; therefore, Defendant denies the allegations.

31. At this time, Defendant lacks sufficient knowledge to admit or deny the allegations in this paragraph; therefore, Defendant denies the allegations.

32. At this time, Defendant lacks sufficient knowledge to admit or deny the allegations in this paragraph; therefore, Defendant denies the allegations.

33. At this time, Defendant lacks sufficient knowledge to admit or deny the allegations in this paragraph; therefore, Defendant denies the allegations.

34. At this time, Defendant lacks sufficient knowledge to admit or deny the allegations in this paragraph; therefore, Defendant denies the allegations.

35. At this time, Defendant lacks sufficient knowledge to admit or deny the allegations in this paragraph; therefore, Defendant denies the allegations.

36. At this time, Defendant lacks sufficient knowledge to admit or deny the allegations in this paragraph; therefore, Defendant denies the allegations.

## FOURTH CAUSE OF ACTION

## NEGLIGENCE

(Against all Defendants)

37. At this time, Defendant lacks sufficient knowledge to admit or deny the allegations in this paragraph; therefore, Defendant denies the allegations.

307467.1

ALLEN, GLAESSNER, HAZELWOOD & WERTH, LLP
180 Montgomery Street, Suite 1200
San Francisco, California 94104

38. At this time, Defendant lacks sufficient knowledge to admit or deny the allegations in this paragraph; therefore, Defendant denies the allegations.

39. Paragraph 39 is an incomplete statement of Cal. Gov. Code §820, and is not a factual allegation. No response is required.

40. Paragraph 40 is an incomplete statement of Cal. Gov. Code §815.2, and is not a factual allegation. No response is required.

41. At this time, Defendant lacks sufficient knowledge to admit or deny the allegations in this paragraph; therefore, Defendant denies the allegations.

42. Paragraph 42 is an incomplete statement of legal duties owed by police officers to members of the public, and is not a factual allegation. No response is required.

43. Paragraph 43 is an incomplete statement of legal duties owed by police officers to members of the public, and is not a factual allegation. No response is required. To the extent Paragraph 43 alleges the Defendant itself acted negligently, that allegation is denied.

44. At this time, Defendant lacks sufficient knowledge to admit or deny the allegations in this paragraph; therefore, Defendant denies the allegations.

45. At this time, Defendant lacks sufficient knowledge to admit or deny the allegations in this paragraph; therefore, Defendant denies the allegations.

46. At this time, Defendant lacks sufficient knowledge to admit or deny the allegations in this paragraph; therefore, Defendant denies the allegations.

47. At this time, Defendant lacks sufficient knowledge to admit or deny the allegations in this paragraph; therefore, Defendant denies the allegations.

48. At this time, Defendant lacks sufficient knowledge to admit or deny the allegations in this paragraph; therefore, Defendant denies the allegations.

## PRAYER

Defendant prays for judgment in its favor and against Plaintiff, that Plaintiff's claims for relief are denied, and that Defendant recover attorneys' fees and costs as provided for law.

///

///

## DEMAND FOR JURY TRIAL

Defendant demands a jury trial in this matter.

## FIRST AFFIRMATIVE DEFENSE

AS AND FOR A FIRST, SEPARATE AND DISTINCT DEFENSE, DEFENDANT ALLEGES:

Plaintiff was himself negligent and careless in and about the matters and events set forth in the complaint, and that said negligence contributed to his alleged injuries and/or damages, if there were any. A verdict of the jury in favor of Plaintiff, if any, which may be rendered in this case must therefore be reduced by the percentage of Plaintiff's negligence which contributed to the accident and injuries complained of, if any there were.

## SECOND AFFIRMATIVE DEFENSE

AS AND FOR A SECOND, SEPARATE AND DISTINCT DEFENSE, DEFENDANT ALLEGES:

Plaintiff assumed the risk of any injuries and/or damages resulting from the matters set forth in said complaint, and that said assumption of risk by Plaintiff was a cause of the injuries and/or damages alleged by Plaintiff, if any there were.

## THIRD AFFIRMATIVE DEFENSE

AS AND FOR A THIRD, SEPARATE AND DISTINCT DEFENSE, DEFENDANT ALLEGES:

That the complaint does not state facts sufficient to constitute a cause of action against Defendant.

## FOURTH AFFIRMATIVE DEFENSE

AS AND FOR A FOURTH, SEPARATE AND DISTINCT DEFENSE, DEFENDANT ALLEGES:

That the matters alleged in the complaint were caused by the sole negligence of Plaintiff.

///

///

ALLEN, GLAESSNER, HAZELWOOD & WERTH, LLP
180 Montgomery Street, Suite 1200
San Francisco, California 94104

307467.1

## FIFTH AFFIRMATIVE DEFENSE

AS AND FOR A FIFTH, SEPARATE AND DISTINCT DEFENSE, DEFENDANT ALLEGES:

Plaintiff failed to mitigate his damages.

## SIXTH AFFIRMATIVE DEFENSE

AS AND FOR A SIXTH, SEPARATE AND DISTINCT DEFENSE, DEFENDANT ALLEGES:

Plaintiff was guilty of willful misconduct and wanton and reckless behavior in and about the matters and events set forth in said complaint; and that said willful misconduct and wanton and reckless behavior contributed to the injuries and damages alleged, if any there were.

## SEVENTH AFFIRMATIVE DEFENSE

AS AND FOR A SEVENTH, SEPARATE AND DISTINCT DEFENSE, DEFENDANT ALLEGES:

As a further, separate, affirmative defense, Defendant alleges that it is entitled to a set-off of any damages recovered by Plaintiff.

## EIGHTH AFFIRMATIVE DEFENSE

AS AND FOR A EIGHTH, SEPARATE AND DISTINCT DEFENSE, DEFENDANT ALLEGES:

Defendant, a public entity, is immune from liability pursuant to California Government Code sections 800 et seq.

## NINTH AFFIRMATIVE DEFENSE

AS AND FOR A NINTH, SEPARATE AND DISTINCT DEFENSE, DEFENDANT ALLEGES:

Any and all acts or omissions of Defendant, its agents and employees, which allegedly caused the injury at the time and place set forth were the result of an exercise of discretion vested in them.

///

///

## TENTH AFFIRMATIVE DEFENSE

AS AND FOR A TENTH, SEPARATE AND DISTINCT DEFENSE, DEFENDANT ALLEGES:

Defendant is immune from liability pursuant to the provisions of §§ 815, 815.2, 818, 820.2, 820.4, 820.6, 820.8, 820.9, 821.6, 844.6, and 845.6 of the Government Code of the State of California.

## ELEVENTH AFFIRMATIVE DEFENSE

AS AND FOR A ELEVENTH, SEPARATE AND DISTINCT DEFENSE, DEFENDANT ALLEGES:

The facts alleged in the Complaint do not involve any custom, practice, procedure or regulation of the Defendant, which gives rise to a violation of a constitutional right pursuant to *Monell v. New York City Department of Social Services*, 436 U.S. 658 (1978).

## TWELFTH AFFIRMATIVE DEFENSE

AS AND FOR A TWELFTH, SEPARATE AND DISTINCT DEFENSE, DEFENDANT ALLEGES:

Plaintiff may not recover punitive damages from this Defendant because Defendant is a public entity.

Respectfully submitted,

Dated: May 6, 2019

ALLEN, GLAESSNER,
HAZELWOOD & WERTH, LLP

By: */s/ Philip J. Downs, Jr.*
DALE L. ALLEN, JR.
PHILIP J. DOWNS, JR.
Attorneys for Defendant
CITY OF SAN PABLO

307467.1